Eastern District of Kentucky
**F I L E D**
JUL 1 5 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 18-209-HRW

**VIOLET COUCH,**                                                    **PLAINTIFF,**

v.            **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**          **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for widow's benefits, disability insurance benefits and supplemental security income benefits on September 11, 2014, alleging disability beginning on June 30, 2014 due to osteo/rheumatoid arthritis; degenerative disc disease, lumbar spine; left shoulder degenerative joint disease; trochanteric bursitis, bilaterally; migraine/cluster headaches; hypertension; insulin dependent diabetes mellitus with peripheral neuropathy and history of dizziness with vertigo. (Tr. pg. 18-19).

This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Karen Jackson (hereinafter "ALJ"). At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was born in 1958. She has a GED as well as an associate's degree. Her past relevant work experience consists of work as a teacher's aide, bus driver and computer assistant / bus monitor.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from osteo/rheumatoid arthritis; degenerative disc disease, lumbar spine; left shoulder degenerative joint disease; trochanteric

bursitis, bilaterally; migraine/cluster headaches; hypertension; insulin dependent diabetes mellitus with peripheral neuropathy and history of dizziness with vertigo, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ also found that Plaintiff could return to her past relevant work as a bus monitor / computer operator and further found that she has the residual functional capacity ("RFC") to perform a range of medium work, with certain restrictions as set forth in the hearing decision..

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

3

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff argues that the ALJ erred at Step 3 of the sequential analysis. Specifically, she maintains that her impairments equal listing 11.14. In support of her argument, she asserts that "although it appears that [she] does not meet a specific listing at 11.14 peripheral neuropathy, she functionally equals the listing in duration and severity." [Docket No. 11-1. Pg. 8].

Plaintiff's argument misses the mark. The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

4

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at \*\*2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530.

In order to meet Listing 11.14, a claimant must show peripheral neuropathy characterized by either Paragraph A or Paragraph B:

> (A) disorganization of motor function in two extremities, resultin in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities, or
>
> (B) marked limitation in physical functioning and marked limitation in one of four enumerated broad areas of mental functioning.

20 C.F.R. pt. 404, subpt. P, app. 1, Listing 11.14.

"Disorganization of motor function," as required by Paragraph A of Listing 11.14, is interference with the movement of two limbs due to a neurological disorder. 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00D1.

Paragraph A of Listing 11.14 further requires that the disorganization of motor function result in "extreme limitation" in the claimant's ability to:

5

> (1) stand up from a seated position (meaning that "once seated [the claimant is] unable to stand and maintain an upright position without the assistance of another person or the use of an assistive device, such as a walker, two crutches, or two canes"),
>
> (2) maintain balance in a standing position and while walking (meaning that the claimant is "unable to maintain an upright position while standing or walking without the assistance of another person or an assistive device, such as a walker, two crutches, or two canes"), or
>
> (3) use her arms to independently initiate, sustain, and complete work-related activities (meaning that the claimant is "very seriously" limited in fine and gross movements).

20 C.F.R. pt. 404, subpt. P, app. 1, § 11.00D1.

Plaintiff makes no allegation of mental functioning as required by subpart (B). As for subpart (A), the record reveals that Plaintiff has an unsteady gait (Tr. 785) but does not establish that she required a two-handed assistive device either to get up from a seated position or to maintain balance while standing and walking. To the contrary, state agency consultative physician, Morgan Eckerd, M.D., noted following an examination that Plaintiff was able to rise from a sitting position without assistance and had a normal gait (Tr. 588).

Further, the record does indicate in any way that Plaintiff was "very seriously" limited in using her arms for fine and gross movements. Notably, Dr. Eckerd opined that Plaintiff was able to lift and carry objections that did not require "excessive" gripping or fine motor movements (Tr. 589).

The medical findings of record simply did not rise to the level of severity required under Listing 11.14. The Court finds no error in this regard.

Plaintiff also makes a vague argument regarding the opinions of her treating physicians but fails to cite to any opinions. More to the point, there are no opinion statements from treating sources in the record. As such, this argument has not merit.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 15th day of July, 2019.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**